UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| IBERIABANK, | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | 2:12-cv-02349-JPM-tmp |
| | ) | |
| EDWARD E. BRUCKER; | ) | |
| WFFU FUNDING, INC.; | ) | |
| RUTH BRUCKER, individually and | ) | |
| as Executor of the Estate of | ) | |
| Alan Brucker; | ) | |
| EMAP PARTNERS, LLC; | ) | |
| BRUCKER FAMILY PARTNERSHIP; | ) | |
| ISADORE AND MAE BRUCKER | ) | |
| FAMILY PARTNERSHIP; | ) | |
| MAE BRUCKER; | ) | |
| MICHAEL BRUCKER; | ) | |
| ISIDOR BRUCKER; and | ) | |
| ART HORIZONS, INC., f/k/a | ) | |
| FPE ACQUISITION COMPANY; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion for Summary Judgment, filed December 31, 2012. (ECF No. 45.) On March 1, 2013, Defendants[1] filed a Response offering no opposition to — but not consenting to — Plaintiff's Motion for Summary Judgment. (ECF No. 67.)

---

[1] Plaintiff's Motion for Summary Judgment originally included Defendant Art Horizons, Inc., formerly known as FPE Acquisition Company. A Default Judgment was entered against Defendant Art Horizons, Inc., on March 1, 2013. (ECF No. 66.) Therefore, any reference to Defendants in this Order includes all of the above-captioned Defendants with the exception of Art Horizons, Inc.

For the following reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

## I. Background

This case concerns a breach-of-contract claim arising from Defendants' failure to repay indebtedness on multiple loans issued by Plaintiff IBERIABANK ("Iberia" or "Plaintiff").[2] (See Pl.'s Compl., ECF No. 1, at 1-2.)

The following facts are undisputed.[3] On February 23, 2009, Plaintiff and Defendants entered into a Loan Agreement (Pl.'s Ex. 1, ECF No. 46-1), for which Defendants executed two promissory notes payable to Plaintiff in the amount of $5,702,636.00 ("$5.7MM Note"), and in the amount of $700,000.00 ("$700K Note") (collectively "February Loan Documents"). (Pl.'s Statement Undisputed Material Facts ("Pl.'s Stmt."), ECF No. 45-2, ¶¶ 15-17.) The principal amounts of the notes were due in full on February 22, 2010. (Pl.'s Exs. 2-3, ECF Nos. 46-2 to -3.)

On July 30, 2010, Plaintiff and Defendants entered into another Loan Agreement (Pl.'s Ex. 6, ECF Nos. 46-19 to -21), for which Defendants executed a promissory note payable to Plaintiff for $1,000,000.00 ("$1MM Note") (collectively "July Loan Documents"). (Pl.'s Stmt., ECF No. 45-2, ¶¶ 22-23.) The

---

[2] Plaintiff is a "Louisiana state bank, [and] successor-in-interest through merger to IBERIABANK fsb, formerly known as Pulaski Bank and Trust Company." (ECF No. 1 ¶ 1.)
[3] See infra pp. 5-6.

2

Principal amount of the $1MM Note was due in full on May 30, 2011. (Pl.'s Ex. 7, ECF No. 46-22.)

On July 30, 2010, Defendants entered into a modification agreement to modify the February Loan Documents and July Loan Documents. (Pl.'s Stmt., ECF No. 45-2, ¶ 25.) This modification agreement extended the maturity date of both the $5.7MM Note and $700K Note from February 22, 2010, to February 21, 2011. (Pl.'s Ex. 9, ECF No. 46-26.)

On October 27, 2010, Defendants executed a promissory note payable to Plaintiff for $500,000.00 ("$500K Note"). (Pl.'s Stmt., ECF No.45-2, ¶ 26.) The principal amount of the $500K Note was due in full on February 24, 2011. (Pl.'s Ex. 10, ECF No. 46-27.) Further, on October 27, 2010, Plaintiff and Defendants entered into a second modification agreement to modify the February Loan Documents and the July Loan Documents. (Pl.'s Stmt., ECF No. 45-2, ¶ 27; Pl.'s Ex. 11, ECF No. 46-28.)

On February 23, 2011, Plaintiff and Defendants entered into two Forbearance/Extension/Modification ("FEM") Loan Agreements extending the maturity date of the $5.7MM Note and $700K Note to April 21, 2011. (Pl.'s Stmt., ECF No. 45-2, ¶¶ 28-29; Pl.'s Exs. 12-13, ECF Nos. 46-29 to -30.) On that same date, Plaintiff and Defendants entered into another FEM Loan Agreement extending the maturity date of the $500K Note to April 24, 2011.

3

(Pl.'s Stmt., ECF No. 45-2, ¶ 30; Pl.'s Ex. 14, ECF No. 46-31.)[4]

On June 15, 2011, Plaintiff and Defendants entered into a third agreement to modify the February Loan Documents and July Loan Documents. (Pl.'s Stmt., ECF No. 45-2, ¶ 32.) This third modification agreement extended the maturity dates of the $5.7MM Note, $700K Note, $1MM Note, and $500K Note to July 31, 2011. (Pl.'s Ex. 16, ECF No. 46-34, at 3.)

On September 1, 2011, Plaintiff and Defendants entered into a fourth FEM Loan Agreement, extending the maturity dates of the $1MM Note, the $5.7MM Note, the $700K Note, and the $500K Note to September 15, 2011. (Pl.'s Stmt., ECF No. 45-2, ¶¶ 33-36; Pl.'s Exs. 17-20, ECF Nos. 46-35 to -38.) Defendants failed to pay the outstanding obligations under the various loan agreements and notes on or before September 15, 2011. (Pl.'s Stmt., ECF No. 45-2, ¶ 37.) On January 19, 2012, Plaintiff sent letters to Defendants demanding payment for the outstanding obligations. (Id.)

Subsequently, on March 5, 2012, Plaintiff and Defendants entered into a fifth FEM Loan Agreement extending the maturity dates of Defendants' outstanding obligations to March 31, 2012.[5]

---

[4] In Plaintiff's Statement of Undisputed Material Facts, Plaintiff states that the parties entered into the FEM Loan Agreements on February 21, 2011. (ECF No. 45-2 ¶¶ 28-30.) However, according to the documents themselves, the date is February 23, 2011. (See Pl.'s Exs. 12-14, ECF Nos. 46-29 to -31.)
[5] As of March 5, 2012, there was no outstanding balance on the $700K note. (See Pl.'s Ex. 21, ECF No. 46-39, at 5.) It is not clear, however, when Defendants satisfied the principal amount of the $700K Note.

4

(Id. ¶ 38; Pl.'s Ex. 21, ECF Nos. 46-39 to -40.)  Defendants failed to pay the outstanding indebtedness due under the various loan agreements, notes, and modification agreements on or before March 31, 2012.  (Pl.'s Stmt., ECF No. 45-2, ¶¶ 39-40.)  As of the filing of the instant Motion, the $5.7MM Note, $1MM Note, and $500K Note remained unpaid.  (See Id. ¶ 41.)

Plaintiff asserts that Defendants' failure to pay this outstanding indebtedness amounts to a breach of contract for which Plaintiff is entitled to damages.  (ECF No. 45-1 at 3-4.)  Plaintiff further asserts that there is no genuine dispute as to any material fact related to its claim for breach of contract and Plaintiff is, therefore, entitled to judgment as a matter of law.  (Id. at 2-3.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012).  "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense."  Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).  "A dispute over material facts is genuine if the evidence is such that a

5

reasonable jury could return a verdict for the nonmoving party." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986))(internal quotation marks omitted).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The movant must support an assertion that a fact is not genuinely disputed by citing to "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

In Defendants' Response to Plaintiff's Motion for Summary Judgment, Defendants did not respond to Plaintiff's Statement of Undisputed Facts. (See ECF No. 67.) Under Federal Rule of Civil Procedure 56(e), a court may "consider [a] fact undisputed for purposes of [summary judgment]" if the non-moving party "fails to properly address [the moving] party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e), (e)(2). Further, pursuant to Local Rule 56.1, "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment." LR 56.1(d). Therefore, the Court accepts Plaintiff's facts as "undisputed for purposes of" Plaintiff's

6

Motion for Summary Judgment to the extent they are properly supported under Federal Rule 56(c).  See Fed. R. Civ. P. 56 (c),(e)(2); LR 56.1(d); see also Iqbal v Pinnacle Airlines, Inc., 802 F. Supp. 2d 909, 914-15 (W.D. Tenn. 2011).

When the non-moving party fails to respond to a motion for summary judgment, the district court "is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden."  Delphi Auto. Sys., LLC v. United Plastics, Inc., 418 F. App'x 374, 381 (6th Cir. 2011) (quoting Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991)) (internal quotation marks omitted).  Furthermore "[i]n considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party."  Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 730 (6th Cir. 2012) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Id. (quoting Anderson, 477 U.S. at 251-52).

### III. Analysis

A federal court sitting in diversity applies "state substantive law and federal procedural law."  Degussa Admixtures, Inc. v. Burnett, 277 F. App'x 530, 532 (6th Cir.

7

2008) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Further, in diversity matters, a federal court must apply the choice-of-law rules of the forum state. Andersons, Inc. v. Consol, Inc., 348 F.3d 496, 501 (6th Cir. 2003) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). "Tennessee follows the rule of *lex loci contractus,* meaning that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent . . . ." Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., 823 F. Supp. 2d 786, 801 (W.D. Tenn. 2011) (quoting Se. Texas Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 n.8 (6th Cir. 2006)) (internal quotation marks omitted). Tennessee courts will, however, "honor a choice of law clause if the state whose law is chosen bears a reasonable relation to the transaction . . . ." Bourland v. Heaton, No. W2011-01693-COA-R3-CV 2012 Tenn. App. LEXIS 226, at *8 (Tenn. Ct. App. 2012) (quoting Wright v. Rains, 106 S.W.3d 678, 681 (Tenn. Ct. App. 2003)) (internal quotation marks omitted).

There is no dispute that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds the sum of $75,000. In addition, there is no dispute that Tennessee law governs the various loan agreements, notes, and modification agreements in this matter. Pursuant to the various loan

8

agreements, the parties contracted in Tennessee. (See Pl.'s Exs. 1, 6 ECF Nos. 46-1, -20.) Moreover, each promissory note also includes a valid choice-of-law clause providing that the notes shall be governed by Tennessee law. (Pl.'s Exs. 2, 3, 7, 10, ECF Nos. 46-2, -3, -22, -27.) The Court, therefore, will apply the substantive law of Tennessee to Plaintiff's breach-of-contract claim.

In order to establish a breach-of-contract claim under Tennessee law, a plaintiff "is responsible for proving (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." BancorpSouth Bank, Inc. v. Hatchel, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) (citation omitted) (internal quotation marks omitted). The Court will address each element in turn.

**A.   Existence of an Enforceable Contract**

Plaintiff argues that there is no genuine dispute that an enforceable contract existed between the parties. (ECF No. 45-1 at 3.) To support its assertion, Plaintiff relies on the various loan agreements, notes, and modification agreements, and Defendants' admission to the execution of those documents. (Id.)

An enforceable contract "result[s] from a meeting of the minds of the parties in mutual assent to [its] terms." Staubach

9

<u>Retail Servs.-Se., LLC v. H.G. Hill Realty Co.</u>, 160 S.W.3d 521, 524 (Tenn. 2005) (citation omitted) (internal quotation marks omitted).  In this case the facts clearly demonstrate that an enforceable contract exists between the parties.  It is undisputed that Defendants admitted entering into the various loan documents, notes and modification agreements.  (<u>See</u> ECF No. 45-1 at 3; ECF No. 36 ¶¶ 16, 21, 23-28, 30-35.)  Therefore, the Court finds that Plaintiff has satisfied its burden in demonstrating that there is no genuine dispute as to the existence of an enforceable contract between the parties.

**B.   Nonperformance Amounting to a Breach**

Plaintiff further argues there is no genuine dispute that the Defendant failed to perform according to the contract terms.  (ECF No. 45-1 at 3.)  To support this assertion, Plaintiff relies on Defendants' admission that they have not paid the outstanding indebtedness under the various loan agreements, notes and modification agreements.  (<u>Id.</u>; <u>see</u> ECF No. 36.)

Plaintiff has demonstrated that Defendants failed to perform their obligations under the contract.  Therefore, the Court finds that there is no genuine dispute that Defendants breached the contract that existed between the parties.

**C.   Damages Caused by the Breach**

Plaintiff argues that as a result of Defendants' failure to pay the indebtedness, Plaintiff suffered damages in the amount

10

of outstanding principal, accrued interest, late fees and other charges for legal fees, payment of delinquent taxes and costs of preservation of collateral.  (ECF No. 45-1 at 4.) A lender suffers damages when they do not receive money "to which they are entitled." Scholz v. S.B. Int'l, Inc., 40 S.W.3d 78, 82 (Tenn. Ct. App. 2000). The Defendants do not dispute that Plaintiff suffered damages due to their breach. The Court therefore finds that the facts demonstrate there is no genuine dispute as to the damages element.

In summary, Plaintiff has met its burden in demonstrating that there is no genuine dispute that Plaintiff is entitled to relief based on its breach-of-contract claim.  The only remaining issue is the amount of damages to which Plaintiff is entitled.

### IV. DAMAGES

Generally, "[t]he purpose of assessing damages in a breach of contract suit is to place the [nonbreaching party], as nearly as possible, in the same position [it] would have been in had the contract been performed." Action Ads, Inc. v. William B. Tanner Co., Inc., 592 S.W.2d 572, 575 (Tenn. Ct. App. 1979). "The party seeking damages has the burden of proving them." BancorpSouth Bank, Inc. v. Hatchel, 223 S.W.3d 223, 229 (Tenn. Ct. App. 2006).  "Determinations concerning the amount of damages are factually driven," but "the proper measure of

11

damages is a question of law to be decided by the court." Beaty v. McGraw, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998).

Under the various loan agreements, notes, and modification agreements, the Defendants are obligated for the outstanding principal on the debt, plus accruing interest, post-judgment interest, attorneys' fees, collection costs, and the costs of this action. (See Pl.'s Stmt., ECF No. 45-2, ¶ 43; Pl.'s Exs. 2, 3, 7, 10, ECF Nos. 46-2, -3, -22, -27.) In support of the amount still owed by Defendants, Plaintiff provides the signed Affidavit of Lewis Compton, Jr., setting forth an itemization of the outstanding balances.[6] (ECF No. 46 at 7.) Plaintiff sets forth the outstanding balance owed as of March 1, 2013, at $2,540,705.85, consisting of outstanding principal, accrued interest, late fees, other charges for legal fees, payment of delinquent taxes, and costs of preservation of collateral. (ECF No. 45-1 at 4; ECF No. 65 at 5.) Further, interest continues to accrue at the current daily rate of $344.03. (ECF No. 65 at 5.) Defendants do not contest the amount of the outstanding balances, the charges for attorney fees, the accrued interest, or any of the other charges. (ECF No. 67.)

---

[6] Plaintiff originally provided an Affidavit setting forth the outstanding balances as of November 30, 2012. (ECF No. 46-41.) Subsequently, however, Plaintiff provided an updated Affidavit of Lewis Compton, Jr. (ECF No. 65), in response to this Court's Order on February 20, 2013. (ECF No. 64.) The updated Affidavit sets forth the outstanding balance as of March 1, 2013. (See ECF No. 65 at 4-5.)

12

This Court finds that Plaintiff has met its burden of proving damages.  Additionally, the Court finds that Plaintiff is entitled to all of the enumerated damages listed above to place Plaintiff in the same position had the contract been performed.

Because Defendants did not provide any evidence contradicting the amount of damages, there is no genuine dispute of any material fact as to the amount of damages for trial.  In order to ascertain the current amount due, however, the Court DIRECTS Plaintiff to file an affidavit no later than May 10, 2013, containing a calculation of the total amount owed, as well as the principal amount, accrued interest - including the interest rate applied to each loan from the time of default - any fees or taxes, and a current per diem as of May 15, 2013.

Furthermore, the loan agreements, notes, and modification agreements provide that Defendants are obligated to pay collection costs, including Plaintiff's reasonable attorneys' fees and legal expenses.  (Id.; Pl.'s Exs. 2, 3, 7, 10, ECF Nos. 46-2, -3, -22, -27.)  When parties provide for attorney fees by contract, an award of attorney fees is based on state substantive law.  See Hometown Folks, LLC v. S & B Wilson, Inc., 643 F.3d 520, 533 (6th Cir. 2011).  Under Tennessee law, a court may award attorney fees when the parties specifically provide for attorney fees in a contract.  See Cracker Barrel Old Country

13

Store, Inc. v. Epperson, 284 S.W.3d 303, 308 (Tenn. 2009).  "The award must be based upon the guidelines by which a reasonable fee is determined."  Ferguson Harbour, Inc. v. Flash Mkt., Inc., 124 S.W.3d 541, 552 (Tenn. Ct. App. 2003) (citing Wilson Mgmt. Co. v. Star Distrib. Co., 745 S.W.2d 870, 873 (Tenn. 1988)).  Plaintiff is therefore entitled to reasonable attorneys' fees.  Plaintiff is DIRECTED to include in their affidavit the requested amount of reasonable attorneys' fees.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

**SO ORDERED** this 1st day of May, 2013.

s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE